```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

COLLEEN REILLY,                 :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:11cv1222(RNC)
                                :
TECHNISOURCE, INC.,             :
                                :
     Defendant.                 :
```

## RULING ON MOTION TO COMPEL

Pending before the court is the defendant's motion to compel. (Doc. #41.) After considering the arguments made by the parties in their papers and during oral argument, the court rules on the requests as follows:

1. Interrogatories 6, 7 and Production 42 are granted in part and denied in part as follows. For the time period from 2005 to the present, the plaintiff shall provide an index of medical records that identifies her healthcare providers and the institutions at which she received care, the dates of treatment, and the nature of treatment and/or diagnosis. The plaintiff's description of the records shall be sufficiently specific to enable counsel to have a reasoned discussion as to whether the condition for which treatment was sought is the type of condition that might have caused or contributed to the plaintiff's claimed emotional distress.[1] In addition, the plaintiff shall specifically identify

---

[1] For example, a routine physical examination or flu shot is likely not relevant, but treatment for a very serious disease, such as cancer, would be relevant.

records that refer to her emotional or psychological condition and/or symptoms of emotional distress (such as insomnia, loss of appetite, anxiety).  Counsel shall meet and confer regarding production of relevant records.  Any subsequent disclosure of records may be made pursuant to a confidentiality agreement.  Under these facts, at this juncture in the case, the request for authorizations is denied.

    2.   Interrogatory 8 is denied without prejudice as overbroad.

    3.   Production Request 23 is granted insofar as the plaintiff shall produce copies of those portions of her federal tax returns for the years after her termination showing the amounts and sources of her income.  All other information may be redacted.

    4.   The defendant's request for an award of sanctions award of expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) is denied.  Upon consideration of all of the circumstances, the court has determined that an award of costs would be unjust.

    SO ORDERED at Hartford, Connecticut this 18th day of July, 2012.

                                            _____/s/_____
                                            Donna F. Martinez
                                            United States Magistrate Judge